UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-20012-ALTONAGA

UNITED STATES OF AMERICA,

    Plaintiff

v.

JOSE ALEXANDRO RUIZ JARP,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

This matter is before the Court upon the Honorable Chief Judge Cecilia M. Altonaga's Order of Referral [ECF No. 18], to conduct a Change of Plea Hearing for Defendant Jose Alexandro Ruiz Jarp. The Court having conducted the Change of Plea Hearing on April 9, 2024, to determine whether Jose Alexandro Ruiz Jarp has knowingly and voluntarily entered a guilty plea, **RECOMMENDS** that Defendant's change of plea be accepted for the following reasons:

    1.    The Court convened a hearing to permit Defendant to enter a change of plea. At the outset of the hearing, Defendant was advised of his right to have these proceedings conducted by the district judge assigned to his case. Additionally, it was explained that the district judge assigned to this case would be the sentencing judge and conduct the sentencing hearing and would make all findings and rulings concerning Defendant's sentence and decide whether to accept the Government's recommendations as to sentencing.

    2.    Defendant was informed that he did not have to permit a federal magistrate judge to conduct the Change of Plea Hearing and could request that the Change of Plea Hearing be

conducted by the district judge assigned to the case. Defendant, his attorney, and the Government all consented on the record to the Undersigned conducting the hearing.

3. Further, the Undersigned inquired into whether Defendant had ever been treated for mental health or addiction issues, and whether he was under the influence of any prescribed or proscribed substances at the time of the Hearing. He denied any mental health issues that would render him unable to understand the proceedings or any addiction issues, and stated he was able to fully understand the proceedings. Based on Defendant's responses to these inquires, the Court determined Defendant was competent to understand the proceedings and enter a knowing and voluntary plea.

4. The Court conducted a plea colloquy in accordance with Fed. R. Crim. P. 11.

5. Defendant agreed to plead guilty to the Indictment, which charges him with one count of illegal reentry of a removed alien, in violation of Title 8, United States Code, Section 1326(a) and (b)(1).

6. Defendant acknowledged that pleading guilty may have consequences with respect to his immigration status as he is not a citizen of the United States. He further acknowledged that the offense to which he is pleading guilty is a removal offense. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including Defendant's attorney or the Court, can predict to a certainty the effect of Defendant's conviction on the Defendant's immigration status. Defendant nevertheless affirmed that he wanted to plead guilty regardless of any immigration consequences that a guilty plea may entail, even if the consequence is automatic removal from the United States.

7. The Government stated on the record a factual basis for the entry of the plea that included all essential elements of the offense to which Defendant is pleading guilty and any

sentencing enhancement and/or aggravating factors that may be applicable. Specifically, the Court reviewed with Defendant the Government's factual proffer, to assure that a factual basis for the entry of the plea exists. Defendant assented to the accuracy of the proffer and acknowledged his participation in the offense.

8. Further, the Court reviewed with Defendant that the Court may impose a statutory maximum term of imprisonment of up to ten years, followed by a term of supervised release of up to three years, a fine of up to $250,000, forfeiture and restitution, and a special assessment in the amount of $100 will be imposed.

9. Defendant acknowledged that he has reviewed the Indictment, discussed the charge against him with his attorney, and was satisfied with the legal representation he received, and had a full opportunity to discuss the facts of the case with his attorney.

10. Based upon the foregoing and the plea colloquy conducted by the Court, it is recommended that Defendant be found to have freely and voluntarily pleaded guilty to the Indictment and that Defendant be adjudicated guilty of the offense charged.

11. A pre-sentence investigation report is being prepared. Sentencing will be set before Chief Judge Cecilia M. Altonaga.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Defendant's guilty plea be accepted, Defendant be adjudicated guilty as to the Indictment to which he has entered a plea of guilty, and that a sentencing hearing be conducted for final disposition of this matter.

Objections to this Report may be filed with the district judge within **FIVE** (5) days of receipt of a copy of the Report. Failure to timely file objections waives a party's right to review issues related to the Defendant's plea under Fed. R. Crim. P. 11 before the District Judge or the

Court of Appeals. *See* Fed. R. Crim. P. 59(b)(1), (2); 11th Cir. R. 3-1; *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

      **SIGNED** this 9th day of April, 2024.

                                                LISETTE M. REID
                                                UNITED STATES MAGISTRATE JUDGE

cc:     **Chief Judge Cecilia M. Altonaga;**
        **All Counsel of Record**